IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON L. BROWN, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COURT OF COMMON PLEAS | : | |
| FOR DELAWARE COUNTY, *et al.*, | : | NO. 18-410 |
|     Defendants. | : | |

## MEMORANDUM

TUCKER, J.                                                                                                    FEBRUARY 6, 2018

Jason L. Brown, proceeding *pro se*, has filed this civil action against the Court of Common Pleas for Delaware County, Judge Richard Cappelli, and President Judge Kevin Kelly. He raises claims pursuant to 42 U.S.C. § 1983 regarding Defendants' involvement in his state criminal case. Mr. Brown has also filed a motion to proceed *in forma pauperis*. For the reasons set forth below, the Court will grant Mr. Brown leave to proceed *in forma pauperis* and will dismiss his Complaint.

### I.     FACTS

Public dockets reflect that on December 3, 2002, Mr. Brown was charged with criminal attempt, possession of a weapon, simple assault, aggravated assault, reckless endangerment of another person, harassment, criminal mischief, robbery, and carrying firearms without a license. *Commonwealth v. Brown*, Docket No. CP-23-CR-0000151-2003. On December 1, 2003, Mr. Brown pled guilty to robbery and was sentenced to two (2) to five (5) years of incarceration. *Id.*

In March and April of 2017, Mr. Brown filed several motions, including a motion to dismiss his fines and costs, a motion to withdraw his plea of guilty, and a motion to compel discovery. *Id.* After holding a hearing on those motions, Judge Cappelli denied them by orders

entered on May 26, 2017. *Id.* On June 6, 2017, Mr. Brown filed a petition for post-conviction relief. *Id.* Judge Cappelli appointed counsel on June 12, 2017 and granted a motion for an extension of time on August 25, 2017. *Id.* On December 22, 2017, Mr. Brown filed a *pro se* motion to dismiss his post-conviction petition. *Id.* That motion is still pending.

In his Complaint, Mr. Brown vaguely alleges that Defendants have violated his rights under the First, Fifth, and Eighth Amendments to the United States Constitution. (Compl. at 3.) He claims that these violations began on March 31, 2017 and are ongoing. (*Id.*) Mr. Brown contends that he has suffered "intentional emotional distress due to [his] constitutional rights being intentionally denied." (*Id.* at 4.) He seeks injunctive relief against President Judge Kelly "for the behavior of the Court and Judge Richard Cappelli." (*Id.*) He also requests damages "for loss of support and loss of property to the extent the Court of Common Pleas for Delaware County and Judge Richard Cappelli violated [his] constitutional right in the discussed amendments." (*Id.*)

## II.  STANDARD OF REVIEW

The Court will grant Mr. Brown leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to Mr. Brown's Complaint. That statute requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked

2

assertions will not suffice. *Id.* The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Mr. Brown is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

#### A. Mr. Brown's Complaint Fails to Comply with Federal Rule of Civil Procedure 8

As noted above, the purpose of Rule 8 of the Federal Rules of Civil Procedure is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims. *See id.* To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (per curiam) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain

3

statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)).

As is typical with his filings in this Court, Mr. Brown's Complaint fails to comply with Rule 8. While Mr. Brown vaguely alleges that the named Defendants violated his rights under the First, Fifth, and Eighth Amendments to the United States Constitution, he completely fails to provide any facts to support his allegations. (Compl. at 4.) From the attachments to his Complaint, it appears that Mr. Brown believes that Judge Cappelli violated the Eighth Amendment by imposing what Mr. Brown believes are excessive fines. No defendant, however, could be expected to meaningfully respond to Mr. Brown's Complaint without having to guess at his claims. While the Complaint could be dismissed on that basis alone, there are other reasons that warrant the dismissal of the Complaint, which the Court discusses below.

### B. Wrongful Conviction Claims

To the extent that Mr. Brown seeks to challenge his 2003 robbery conviction, his claims are not cognizable in this action. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

4

conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). Therefore, to the extent Mr. Brown seeks to challenge his conviction, he may not do in this § 1983 action because that conviction has not been invalidated.

### C. Claims Against Court of Common Pleas for Delaware County

Mr. Brown has named the Court of Common Pleas for Delaware County as a Defendant in this matter. The Court of Common Pleas, however, is not a "person" subject to liability under § 1983 and, in any event, is entitled to Eleventh Amendment immunity from Mr. Brown's claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Accordingly, Mr. Brown's claims against the Court of Common Pleas for Delaware County will be dismissed with prejudice.

### D. Claims Against Judge Cappelli

As noted above, Mr. Brown contends that Judge Cappelli violated his rights under the First, Fifth, and Eighth Amendments to the United States Constitution. Judges, however, are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). As it is apparent that Mr. Brown is suing Judge Cappelli based on the manner in which he ruled in or handled his criminal case, his claims against Judge Cappelli are barred by judicial immunity.

5

### E. Claims Against President Judge Kelly

Mr. Brown seeks injunctive relief against President Judge Kelly "for the behavior of the Court and Judge Richard Cappelli." (Compl. at 4.) It appears that Mr. Brown has named President Judge Kelly as a defendant solely because of his capacity as the chief administrative judge for the Court of Common Pleas for Delaware County. Mr. Brown fails to state a claim against President Judge Kelly, however, because nothing in the Complaint describes how he was responsible for violating Mr. Brown's rights, whether due to his own misconduct or his deliberate indifference to known deficiencies in a policy or procedure that violated Mr. Brown's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Accordingly, Mr. Brown's claims against President Judge Kelly will be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Brown's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 of the Federal Rules of Civil Procedure. To the extent that Mr. Brown raises claims challenging his robbery conviction, those claims will be dismissed without prejudice to Mr. Brown's right to reassert those claims in a new lawsuit in the event that his conviction and sentence are invalidated in the future. Mr. Brown will not be provided leave to file an amended complaint because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.